UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

EMILY COOK,                                )
                  Plaintiff,               )
                                           )
        vs.                                )          1:06-cv-1536-RLY-TAB
                                           )
FARMERS INSURANCE EXCHANGE et  )
al.,                                       )
                  Defendants.              )

**ENTRY ON PLAINTIFF'S OBJECTION TO RECOMMENDATION OF
MAGISTRATE JUDGE**

On September 24, 2008, Magistrate Judge Baker (the "Magistrate Judge") issued a

Report and Recommendation on Defendants' Motion for Summary Judgment.  In the

Report and Recommendation, the Magistrate Judge recommended that the court grant

Defendants' Motion for Summary Judgment on grounds that Plaintiff was an independent

contractor rather than an employee of the Defendant, and thus lacked standing to bring

her claim under the Americans With Disabilities Act[1] ("ADA").  Plaintiff filed an

Objection to Recommendation of Magistrate Judge pursuant to Rule 72(b) of the Federal

Rules of Civil Procedure, because, in her opinion, there exists a genuine issue of material

fact as to whether she was an employee of the Defendants within the meaning of the

---

[1] Plaintiff also brought a claim under Indiana's Employment Discrimination Against
Disabled Persons Act ("IEDDPA").  Plaintiff did not challenge Defendants' Motion for
Summary Judgment with respect to that claim, and thus, the Magistrate Judge recommended that
the court grant Defendants' motion on that claim as well.

ADA. Having reviewed the record in this case, and for the reasons set forth below, the court **OVERRULES** Plaintiff's Objection and approves and adopts the Magistrate Judge's Report and Recommendation.

## I.      Standard of Review

Federal Rule of Civil Procedure 72(b)(3) requires the district court to conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to." After such *do novo* review, the district court "may accept, reject, or modify the recommended disposition . . . ." FED. R. CIV. P. 72(b)(3).

## II.     The Relevant Law

The court adopts the Magistrate Judge's facts as reflected in the Report and Recommendation.

The ADA protects employees, but not independent contractors, from discrimination based on disability. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 642 (7th Cir. 2004). Thus, independent contractors do not have standing to sue under the ADA. *Id.*

"The ultimate question of whether an individual is an employee or an independent contractor is a 'legal conclusion' which involves 'an application of the law to the facts.'" *EEOC v. North Knox School Corp.*, 154 F.3d 744, 747 (7th Cir. 1998) (quoting *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 79 (7th Cir. 1991). In making this determination, the court considers the following factors:

(1) the extent of the employer's control and supervision over the worker,

> including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Worth v. Tyer*, 276 F.3d 249, 263 (7th Cir. 2001) (quoting *Knight*, 950 F.2d at 378-79.

Thus, a court may properly grant summary judgment on this issue if "the relevant factors point overwhelmingly in one direction" – i.e., that Plaintiff is either an employee or an independent contractor. *Wilson v. United Farm Bureau Mut. Ins. Co.*, 1995 WL 378521 (S.D. Ind. June 15, 1995).

## III.  The Report and Recommendation

In the Report and Recommendation, the Magistrate Judge found that a reasonable jury would conclude that Plaintiff was an independent contractor.  In reaching his decision, the Magistrate Judge considered the following facts: (1) the Reserve Agent Agreement expressly stated that Plaintiff was an independent contractor; (2) Plaintiff was entitled to sell Defendants' insurance policies under the Reserve Agent Agreement even though she had little or no contact with Defendants from September 2005 to January 2006; (3) Plaintiff completed her online training at home even though District Manager Christopher Ananias preferred that she complete it in the District Office; (4) Plaintiff missed at least one training class with no apparent penalty; (5) Plaintiff was not paid for the online training or any of the classes provided by Defendants, and she was responsible for all licensing fees; and (6) Plaintiff was given no benefits, sick days, or vacation days,

3

and her pay was based entirely on commission from which taxes were not withheld. Although the Magistrate Judge found that there were some factors that supported an inference that she was an employee of Defendants – such as the fact that she was required to complete a comprehensive training class and was required to be in the District Office for supervision at various times – these factors were more akin to a "teacher/student" relationship than that of an employer/employee relationship. (*See* Report and Recommendation at 8-10).

## IV.  Discussion

Plaintiff objects to a number of the Magistrate Judge's findings. First, Plaintiff contends that her subjective understanding of the Reserve Agent Agreement is irrelevant in determining whether she was an independent contractor. In making this observation, the Magistrate Judge noted that Plaintiff understood that she had a right to sell policies for Defendants after having little to no contact with Defendants for four months. That right, and not the parties' subjective understanding, was viewed as "quite uncharacteristic of an employer-employee relationship." (Report and Recommendation at 9). The right to work after an extended absence is a proper factor to be utilized in determining whether Plaintiff was an independent contractor. *See Knight*, 950 F.2d at 379 (7th Cir. 1991). Because the Magistrate Judge properly examined Plaintiff's right under the Reserve Agent Agreement rather than the parties' subjective understanding, Plaintiff's objection on that ground is overruled.

In the alternative, Plaintiff argues that the Magistrate Judge's statement that

Plaintiff understood her position to be that of an independent contractor was "flawed in fact." In support of this assertion, Plaintiff claims she was not able to sell Defendants' insurance policies because Defendants would not provide her with the disk to run price quotes and that Defendants told her she was not allowed to work for them in February 2006, which was prior to the expiration of the Reserve Agent Agreement.

Plaintiff's assertion that she could not sell insurance policies without the disk is inconsistent with her testimony. The record reflects that Plaintiff did not sell policies from September 2005 until January 2006 because she was mad at Defendants and acknowledged that she was only punishing herself by not selling policies. (*Id*. at 183). In January 2006, Plaintiff went to the District Office to retrieve the life insurance disk, but was unable to locate it. (*Id*. at 166). However, a few days later Plaintiff wrote her first automobile insurance policy. (*Id*.) Thus, the evidence shows that Plaintiff was able to sell at the very least an automobile insurance policy for Defendants after four months of little or no contact with Defendants. Such evidence is consistent with the Magistrate Judge's finding that Plaintiff understood her position to be that of an independent contractor.

With respect to Plaintiff's assertion that Defendants terminated her employment prior to the expiration of her Reserve Agent Agreement, the evidence reflects that either party could terminate the agreement upon ninety days notice. (Plaintiff Dep. Ex. 3, ¶ C). Thus, termination of the Reserve Agent Agreement is irrelevant to the parties' understanding of Plaintiff's employment status.

Next, Plaintiff objects to the Magistrate Judge's finding that she was more like an independent contractor because she was not required to work in the District Office. She argues that this finding is erroneous because she presented evidence that she was required to attend training and called into the District Office to perform work under the supervision of Defendants.

The evidence reflects that although Plaintiff was required to do her training in the District Office, she was not disciplined when she missed class. (*Id*. at 156, 192, 197, 209). Moreover, she performed work in the District Office a maximum of thirteen times from June 10, 2005, to August 19, 2005; she did not perform any work at the District Office for the remaining ten months of her Reserve Agent Agreement. (*Id*. at 134, 144, 155-56, 164-65). During the two months she traveled to the District Office, she worked from home most of the time. (*Id*. at 144). When she worked from home, she supplied all office supplies that were necessary to sell insurance policies. (*Id*. at 210). On September 8, 2005, Defendants sent Plaintiff a letter informing her that as an independent contractor, her presence at the District Office was not a right and that she was not required to be there. (Affidavit of Christopher Ananias ("Ananias Aff."), Ex. A). Accordingly, the court finds the Magistrate Judge did not err in finding that Plaintiff was not required to work in the District Office.

Plaintiff also objects to the Magistrate Judge's determination that Plaintiff was paid on a commission basis from which taxes were not withheld because there is no

evidence in the record that she was ever paid.  Plaintiff mischaracterizes the evidence of record.  Although Plaintiff did not submit evidence on the manner in which she was paid, she did testify that she was never "paid a dime" by Defendants.  (*Id*. at 187).  In fact, she received a bill from Defendants at the expiration of her Reserve Agent Agreement.  (*Id*. at 187-88).  Defendants submitted evidence from Plaintiff's Reserve Agent Agreement that specifically stated that Plaintiff was to be paid on a commission basis and the Affidavit of Christopher Ananias which stated that Reserve Agents were paid on a commission basis based upon the policies they sold.  (Plaintiff Dep. Ex. 6; Ananias Aff. ¶ 8).  This evidence establishes that Plaintiff was paid on a commission basis, and thus, the Magistrate Judge did not err in so finding.

Plaintiff also objects to the Magistrate Judge's finding that the control exerted by Defendants over Plaintiff was more akin to an instructor teaching a student.  Plaintiff's objection is based on the fact that Defendants "required" her to attend training classes and called her into the office to supervise her doing such tasks as making phone calls and running quotes.  (*Id*. at 211).  The evidence shows that the training classes were not "required," as Plaintiff suffered no consequences for failing to attend at least one training class and for failing to complete her online training in the office (she completed it at home).  (*Id*. at 156, 210-11).  Moreover, Plaintiff testified that she was called into the District Office only three to four times outside of training class from June 10, 2005, to August 19, 2005.  (*Id*. at 134, 144).  And, as stated previously, Plaintiff worked

unsupervised from home for the remaining ten months of her Reserve Agent Agreement. (*Id*. at 155-56, 164-65).  The only reasonable inference that is permitted from this evidence is that Defendants provided Plaintiff with training and supervision for two months and then allowed Plaintiff, their student, to work on her own for the remaining ten months of her Reserve Agent Agreement.  Therefore, the Magistrate Judge did not err in finding that the control exerted by the Defendants over the Plaintiff was more akin to a teacher-student relationship than an employer-employee relationship.

In addition, Plaintiff objects to the Magistrate Judge's Report and Recommendation for failing to distinguish *Wilson v. United Farm Bureau Mut. Ins. Co.*, *supra.*, from the facts of the present case.  In *Wilson*, the plaintiff worked as a contract agent for Farm Bureau.  *Wilson*, 1995 WL 378521, at *2.  She was supervised by Farm Bureau for eight years.  *Id*. at 2.  Her contract continued indefinitely.  *Id*.  During her term of employment, she was required to attend mandatory weekly meetings to discuss production, contests, questions about products and the agency's general performance compared to the company sales goals; she was reprimanded for missing a meeting; she was required to work three half-day "duty times" per week to answer incoming calls and service other agents' clients if those agents were not in the agency office; she was required to either be in the office or call in and the let the staff know what she was doing; she had to submit weekly time reports to her manager.  *Id*.  Farm Bureau provided plaintiff with an office, office furniture, office supplies, secretarial services, literature and

application relating to Farm Bureau's products. *Id*. at *3. Although plaintiff worked on a commission, Farm Bureau provided plaintiff with a subsidized personal health and life insurance and retirement plan; and, during the last year of her contract, she was required to participate in a "Care" program that mandated agents review and rewrite certain existing Farm Bureau policies. *Id*. Applying the law to the facts, the Court found that some of the factors suggested that plaintiff was an employee, some suggested she was an independent contractor, and others were neutral. *Id*. at *9. Accordingly, the Court found a genuine issue of material fact existed on that issue. *Id*.

The facts in *Wilson* differ markedly from those in the present case. Plaintiff was not required to attend mandatory weekly meetings, work three half days a week, submit weekly time reports, advise Defendants of her whereabouts or participate in a program similar to Farm Bureau's "Care" program. Plaintiff's only "requirements" were to be trained and supervised to become acquainted with Defendants' insurance products. *Wilson* thus supports the Magistrate Judge's conclusion that Plaintiff was an independent contractor. Thus, the Magistrate Judge did not err in failing to distinguish *Wilson* from Plaintiff's case.

Plaintiff's final objection is that the facts of her case required the Magistrate Judge to find a genuine issue of material fact as to whether she was an independent contractor. In support of her argument, Plaintiff contends that Defendants exerted control over the manner and performance of her Reserve Agent duties during the thirteen times she was

present in the District Office from June 10, 2005, to August 19, 2005. Plaintiff submits that the Defendants required her to create a marketing plan, amended her marketing plan, set her hours, supervised her making telephone calls and running the computer system, supervised the sales pitch she used, provided her with a comprehensive training class, told her how to dress, purchased all office supplies while she was in the District Office, paid for rent and utilities while she was in the District Office, and helped her find clients. During the remaining ten months of her Reserve Agent Agreement, she worked exclusively from home unsupervised, provided her own office supplies, was not required to follow a marketing plan, did not have her hours set by Defendants, was not supervised in making marketing calls, running the computer system, or using a sales pitch, and did not attend training classes and was not told how to dress. Accordingly, the court finds that the overwhelming evidence points in one direction – that Plaintiff was an independent contractor.

## V.    Conclusion

The court has read and reviewed the Plaintiff's objections, the Defendants' response, the supporting and opposing summary judgment briefs, and the applicable law, and now approves and adopts the Magistrate Judge's Report and Recommendation upon a *de novo* review pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Objection to Recommendation of Magistrate Judge (Docket # 106) is hereby **OVERRULED**, Defendants' Motion for Summary Judgment is

**GRANTED**, and a final judgment consistent with this Order shall be entered.

**SO ORDERED** this __21st__ day of October 2008.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Bryce H. Bennett Jr.
RILEY BENNETT & EGLOFF LLP
bbennett@rbelaw.com

Adam  Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Shannon Bogard Mize
RILEY BENNETT & EGLOFF LLP
smize@rbelaw.com

11